LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. Hubert Johnson filed a complaint against the Mississippi Export Railroad Company, alleging various bodily injuries sustained as a result of his employment. The suit was filed in the Jackson County Circuit Court under the Federal Employers’ Liability Act. 45 U.S.C. § 51 (2006).
¶ 2. After the complaint and answer were filed, the parties entered into a settlement agreement and made an ore tenus motion for the trial court to dismiss the case. The case was dismissed with prejudice on December 28, 2010. Johnson filed his appeal to the Mississippi Supreme Court on January 18, 2011. On January 19, 2011, Mississippi Export filed a motion to enforce the settlement. Mississippi Export argued that Johnson refused to sign the release that contained an essential part of the settlement. A hearing was noticed, but the hearing was not held.
¶ 3. In his appeal, Johnson asserts that the trial court abused its discretion in dismissing the case with prejudice. Finding no issues that are proper for appellate review, we dismiss this appeal without prejudice.
DISCUSSION
¶ 4. In his pro se brief, Johnson argues the trial court failed to review the entire case based on the pleadings and evidence. Johnson’s argument is unclear, but he appears to argue that his counsel agreed to the dismissal without his consent. Johnson cites no law or facts as to why the trial court erred in dismissing the case. All we have on appeal is the judgment entered by the trial court to dismiss the case due to the settlement. The dismissal was signed by counsel for Johnson and Mississippi Export.
¶ 5. Johnson also argues the trial court did not correctly estimate the cost for *227 preparing the appellate transcript. This issue will not be addressed by this Court as this is not a matter for appeal.
¶ 6. As Johnson cites no appealable issues for this Court to review, we must dismiss this case. If Johnson’s argument is that he did not agree to the settlement, the proper remedy would have been to file a motion to the trial court under Mississippi Rule of Civil Procedure 60(b), asserting a relief from the judgment. This appeal is dismissed without prejudice.
¶ 7. THE APPEAL IS DISMISSED WITHOUT PREJUDICE. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.